# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON, )
) No. 68874-0-I
Respondent, )
) DIVISION ONE
v. )
) UNPUBLISHED OPINION
MARK ANTHONY STILLER, )
)
Appellant. ) FILED: April 28, 2014
)

APPELWICK, J. — Stiller was convicted of one count of child molestation and five counts of child rape. He challenges the trial court's refusal to find same criminal conduct for five of the six offenses, arguing that the evidence does not show they occurred at separate and distinct times. Stiller also raises several issues in his statement of additional grounds, including clerical errors in the judgment and sentence. We affirm, but remand for correction of clerical errors in the judgment and sentence.

## FACTS

On January 23, 2012, the State charged Mark Stiller by amended information with one count of first degree child molestation (Count I), in violation of RCW 9A.44.083, and five counts of first degree child rape (Counts II-VI), in violation of RCW 9A.44.073. The information alleged that between October 16, 2008 and October 15, 2010, Stiller had sexual contact with A.J.B., a female under the age of 12 (Count I). The information further alleged that, between the same dates, Stiller had sexual intercourse with A.J.B.

by fellatio (Count II), cunnilingus (Count III), digital anal penetration (Count IV), penile anal penetration (Count V), and digital vaginal penetration (Count VI).

At the time of trial in January 2012, A.J.B. was 10 years old. A.J.B.'s mother explained that she had known Stiller for 10 years and A.J.B. had known him all her life. A.J.B. frequently played at Stiller's home and often stayed there overnight.

A.J.B.'s mother testified that on October 12, 2010, A.J.B. came to her very upset, complaining that it "hurt to pee" and said that she had been touched by a man. A.J.B.'s mother immediately called 911.

That same night, A.J.B. told a child sexual assault nurse practitioner that Stiller had touched her mouth, genital area, rectal area, and breasts "'lots of times'" over the past two years. A.J.B. told the nurse about one particular incident in September 2010 where Stiller blindfolded her, told her to hold still, and in A.J.B.'s words, "'put his privates into my butt.'" A.J.B. also mentioned another occasion where Stiller ejaculated in her mouth.

On October 15, 2010, A.J.B. spoke with Detective Jana Bouzek, a state certified child interviewer. A.J.B. told Bouzek that Stiller sexually abused her from the time she was seven and a half until a month before the police investigation. A.J.B. explained to Bouzek that Stiller "put his pee pee in her bottom hole." A.J.B. also described incidents to Bouzek where Stiller would have her fellate him or masturbate him while wearing white fuzzy gloves. She told Bouzek that Stiller used his hands to touch her private parts and her butt, and that he had put his finger inside her vagina.

At trial, A.J.B. testified that Stiller taught her how to touch his "front" and described times when he made her use white fuzzy gloves to masturbate him. She

2

testified that white stuff came out of Stiller's front three or four times. A.J.B. described how Stiller rubbed her front and that one time he put his finger part way in her front and it hurt. She testified that Stiller would put his tongue on her front while she was lying down on the bed or on the floor. A.J.B. also described incidents where Stiller held her hands while "[a]ll sorts of touching" happened. She explained that Stiller made her touch his front most often and second most often made her touch his front with her mouth. A.J.B. testified that all these incidents happened in Stiller's room.

The trial court instructed the jury: "A separate crime is charged in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count." Each "to convict" instruction referenced a specific count and the date range October 16, 2008 to October 15, 2010.

The jury returned a special verdict form finding Stiller guilty as charged on all six counts.

In his sentencing memorandum, Stiller argued that his six convictions should be counted as the same criminal conduct in calculating his offender score, because the State failed to prove beyond a reasonable doubt that the six acts occurred at different times. Stiller asserted that there was no evidence regarding specific dates or times of any of the incidents except the penile anal penetration.

The trial court refused to count any of Stiller's six convictions as same criminal conduct for the purposes of sentencing. The court explained:

> The question before the Court is does [State v. Dolen, 83 Wn. App. 361, 921 P.2d 590 (1996), overruled by State v. Graciano, 176 Wn.2d 531, 295 P.3d 219 (2013)], therefore, say that under these circumstances, the fact that the jury was not asked to and did not determine which specific

dates of these individual acts occurred means that they must all be treated as same criminal conduct?

Now, the same course of criminal conduct cases involves, generally, when there's a number of multiple acts, things that happen in fairly short succession in a matter of an hour or two hours on a particular incident. Some of the cases that have been cited involve situations where a defendant and the victim are together for an hour or an hour and a half. Numerous things occur during that same period of time. It's not like something that happens over and over again over the course of a year or two years.

The testimony in this case as I've gone back and reviewed my notes and my recollection of the testimony was that, clearly, the one incident, I believe it was in September, the penile/anal contact was described as a separate event, but it was also my recollection that the child described numerous instances in the same room and described different things that happened at those instances without being able to say what date they were and what sequence they happened, but they were separate events, and I agree that some of these things may have happened on more than one of those events, but the testimony was there were numerous events.

The testimony I think clearly supports the jury finding that there were separate events that involved separate behavior, and the intent for those behaviors is different. There are multiple dates. There are multiple, separate acts, and I think under those circumstances, the holding in Dolen is not necessarily controlling to this Court.

. . . .

So my feeling and my belief and my finding and my decision as to how they should be treated is that each of these offenses has been found. Each one relates to a specific act. Each specific act has its own specific intent to perform the act, and therefore, they aren't to be counted as same criminal conduct. They should be counted as separate criminal conduct.

The court then imposed a standard range sentence of 198 months on Count I and 318 months on Counts II-VI.

Stiller appeals, challenging the trial court's refusal to find same criminal conduct.

He also raises several issues in his statement of additional grounds.

## DISCUSSION

### I. Same Criminal Conduct

Stiller argues that the trial court abused its discretion by refusing to find that five of his six current offenses constituted same criminal conduct in calculating his offender score. Stiller contends that the record is devoid of any evidence showing separate and distinct incidents for five of the charges. He further argues that the jury verdicts do not indicate whether some or all of the charges are based on the same incident or separate incidents. Accordingly, he asserts that the trial court's refusal to find same criminal conduct is untenable and unsupported by the evidence. He asks us to reverse his sentence and remand to the trial court for resentencing with a corrected offender score.

A determination of same criminal conduct at sentencing affects the standard range sentence by altering the defendant's offender score, which is calculated by adding a specified number of points for each prior conviction. RCW 9.94A.525; Graciano, 176 Wn.2d at 535-36. For the purposes of this calculation, current offenses are treated as prior convictions. RCW 9.94A.589(1)(a). However, "if the court enters a finding that some or all of the current offenses encompass the same criminal conduct then those current offenses shall be counted as one crime." Id. Crimes constitute same criminal conduct when they "require the same criminal intent, are committed at the same time and place, and involve the same victim." Id. RCW 9.94A.589(1)(a) is generally construed narrowly to disallow most claims that multiple offenses constitute the same criminal act. Graciano, 176 Wn.2d at 540.

We review the sentencing court's determination of same criminal conduct for abuse of discretion or misapplication of law. Id. at 536-37. Under this standard, when

the record supports only one conclusion as to whether crimes constitute same criminal conduct, the sentencing court abuses its discretion in arriving at a contrary result. Id. at 537-38. But, where the record adequately supports either conclusion, the matter lies within the court's discretion. Id. at 538.

In Dolen, the jury convicted Earl Dolen of one count of child rape and one count of child molestation based on evidence of six separate acts of child abuse. 83 Wn. App. at 362-63. Under the evidence, Dolen could have committed both crimes in a single incident or in separate incidents. Id. at 363. The verdict did not specify which incident formed the basis for each conviction. Id. At sentencing, the trial court treated the two convictions as separate and distinct. Id. at 364. The appellate court reversed, holding that the record did not support the trial court's finding that the crimes were not part of the same criminal conduct, because the verdict did not specify whether the crimes occurred in the same or separate incidents. Id. at 363. The court reasoned that the State bore the burden of proving that Dolen committed the crimes in separate incidents, which it failed to do. Id. at 365.

The Washington Supreme Court overruled Dolen recently in Graciano, 176 Wn.2d at 538-39. There, the jury found the defendant guilty of four counts of child rape and two counts of child molestation. Id. at 534. The trial court expressed confidence that each of the four rapes was separate from the others. Id. However, it noted that the record was unclear whether the defendant once raped and twice molested the victim in a single incident or on different occasions. Id. at 534-35. Because the record failed to establish that these incidents were separate, the court of appeals concluded that the time and place of the crimes were the same. Id. at 538. Thus, the court of appeals held

that the two child molestation convictions and one of the child rape convictions constituted same criminal conduct. Id. at 535.

The Washington Supreme Court reversed the court of appeals—and Dolen—for improperly placing the burden of proof on the State. Id. at 535, 538-39, 541. The Supreme Court held that the defendant bears the burden of production and persuasion for same criminal conduct. Id. at 540. Each of a defendant's convictions counts towards his offender score unless he convinces the court that they involved the same criminal intent, same time, same place, and same victim. Id. If the defendant fails to prove any of these elements, the crimes do not constitute same criminal conduct. Id. Therefore, where the record is unclear, as in Graciano, the trial court does not abuse its discretion in refusing to enter a finding of same criminal conduct. Id. at 541.

Here, the trial court noted that the penile anal intercourse clearly occurred as a separate event. Beyond that, A.J.B. described numerous, separate acts occurring in the same room over the course of a two year period. Based on this, the trial court concluded that the evidence supported the jury's finding of multiple, separate acts.[1] However, the court acknowledged that the record was unclear about the specific dates and sequence of these numerous incidents. The court recognized that some of Stiller's acts may have occurred more than once combined with other acts.

---

[1] The jury's verdict was not ambiguous, as Stiller claims. The State identified the conduct forming the basis of each charge. See State v. Kier, 164 Wn.2d 798, 811-12, 194 P.3d 212 (2008). The jury was instructed to that effect and found Stiller guilty of each of the six counts as charged.

7

Under Graciano, Stiller failed to show that five of the crimes occurred at the same time. Therefore, we hold that the trial court did not abuse its discretion in refusing to enter a finding of same criminal conduct.

## II.    Statement of Additional Grounds

Stiller raises several issues in his statement of additional grounds.

Stiller first argues that the State failed to prove an element of both child rape and child molestation: that he was not married to the victim. RCW 9A.44.073; RCW 9A.44.083. He also alleges prosecutorial misconduct, because the State argued in closing that he was not married to the victim. However, testimony at trial established that Stiller was married to a woman named Vanessa. The victim was also seven to nine years old at the time of the charged offenses. Every marriage in Washington in which either person is under 17 years old is void. RCW 26.04.010(2). Therefore, by law, Stiller could not have been married to A.J.B.

Stiller contends that the A.J.B.'s testimony violated his due process rights, because her testimony at trial changed from her initial story. Specifically, Stiller argues that A.J.B. first told the nurse practitioner that there was no vaginal contact. But, A.J.B. then testified at trial that Stiller touched her front. However, Stiller had the opportunity to cross-examine A.J.B., as well as the nurse practitioner, about this discrepancy in A.J.B.'s story. Credibility determinations are for the jury and not subject to review. State v. Thomas, 150 Wn.2d 821, 874, 83 P.3d 970 (2004). Thus, we defer to the jury on issues of conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence. Id. at 874-75. We decline to reverse on this basis.

Stiller next argues that the trial court impermissibly instructed the jury that they are officers of the court. He contends that this instruction improperly aligned the jury with the prosecutor and the judge. Jury instructions are sufficient if they correctly state the law, are not misleading, and allow each party to argue its theory of the case. State v. Mark, 94 Wn.2d 520, 526, 618 P.2d 73 (1980). It is well settled that jurors are sworn officers of the court. State v. Vega, 144 Wn. App. 914, 917, 184 P.3d 677 (2008). Therefore, the jury instruction correctly stated the law.

Stiller contends that the grand jury provision of the Washington Territorial Code is still good law and requires indictments in all felony cases. However, under article I, section 25 of the Washington Constitution, the State may prosecute offenses by indictment or information. The Fifth Amendment right to a grand jury does not apply to state prosecutions. State v. Ng, 104 Wn.2d 763, 775, 713 P.2d 63 (1985). Additionally, Washington courts have found that a grand jury indictment is not required to assure due process of law. Id. The State was not required to indict Stiller by grand jury. His argument fails.

Stiller lastly argues that he was improperly sentenced for convictions outside the date range originally specified in the charging document. The information alleged that all counts of child rape and child molestation occurred between October 16, 2008 and October 15, 2010. The to convict jury instructions specified the same date range for all counts. However, the judgment and sentence states that Count I (child molestation) occurred on January 1, 2007 and Count III (child rape) occurred on January 1, 2006.

Stiller correctly points out a discrepancy in two errant dates in the judgment and sentence. The record consistently references the October 16, 2008 to October 15,

9

2010 date range, including the charging document, the to convict instructions, the State's presentence investigation report, and the defendant's sentencing memorandum. We find no reference to the January 1, 2006 and January 1, 2007 dates aside from the judgment and sentence. The State concedes that the dates listed for counts I and II, as well as the date for count II (April 25, 2009), are clerical errors. We agree. Accordingly we remand to the trial court for correction of these three clerical errors in the judgment and sentence. In re Pers. Restraint of Mayer, 128 Wn. App. 694, 701-02, 117 P.3d 353 (2005); see CrR 7.8(a).

We affirm, but remand for correction of the clerical errors in the judgment and sentence.

WE CONCUR: