# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 74557-3-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BRETT DOMINIC WHITE, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: May 1, 2017 |
| | ) | |

VERELLEN, C.J. — Brett White appeals his judgment and sentence for felony harassment. He argues that his two previous convictions for violation of a no-contact order encompassed the same criminal conduct and should have counted as a single crime in calculating his offender score at sentencing. We find no error in the court's exercise of its discretion to count the two convictions separately and affirm.

## FACTS

The State initially charged Brett White with felony violation of a court order. Pursuant to a plea agreement, the State amended the charge to felony harassment and White pleaded guilty to the amended charge. The plea form reflects that the parties disputed White's offender score.

In the plea paperwork, the State calculated White's offender score to be six. This score was reached, in part, by counting two misdemeanor convictions for domestic violence violation of a court order from a 2013 King County Superior Court case, no. 13-

1-12075-1, separately as two points. Based on that offender score, the State recommended a standard range sentence.

In the defense presentence report, defense counsel also calculated White's offender score to be six. Defense counsel agreed that White's score included two prior felony convictions, three misdemeanor domestic violence offenses (including the two convictions in King County cause no. 13-1-12075-1), and one point for being on community custody at the time of the offense. Defense counsel indicated, however, that it was "entirely possible that Mr. White will object to this score."[1]

At sentencing, the State and defense counsel both asserted an offender score of six. The State argued that the two convictions from King County cause no. 13-1-12075-1 should count separately as two points. To support its offender score calculation, the State presented White's statement of on the plea of guilty from the 2013 case. There, in pleading guilty to an amended information charging two counts of violation of a no-contact order, White expressly stated that the conduct involved "two separate and distinct" offenses.[2] In addition, the amended information alleged that count 2 was based on "an act separate and distinct from that alleged in Count 1."[3] The certification for determination of probable cause, incorporated into the plea statement, reflected that White had crawled through a window of Andregg's apartment in the middle of the night and held her captive for two days, threatening her and not allowing her to leave. Andregg was finally able to escape, but fell in a hallway outside her apartment, where White punched her until neighbors approached.

---

[1] Clerk's Papers (CP) at 67.

[2] CP at 87.

[3] CP at 89.

2

After the sentencing court and the parties reviewed the plea statement from the 2013 case, White's attorney conceded that those two convictions should be counted separately in White's offender score for the current sentencing. Upon inquiry from the court, however, White himself argued that those two convictions should only count as one point because they had "the same cause number."[4] The court concluded that "it's pretty clear from the statement that you acknowledged by signing the document that these are two separate and distinct offenses."[5]

The sentencing court thus found that White's offender score was six, resulting in a standard range of 22 to 29 months. The court imposed a mid-range sentence of 25 months.

White appeals.

ANALYSIS

White contends the sentencing court erred in calculating his offender score and including the two convictions for misdemeanor violation of a no-contact order as separate crimes. We disagree.

When calculating an offender score, the sentencing court is to count all prior convictions separately unless two or more of the prior convictions encompass the same criminal conduct.[6] Crimes constitute the same criminal conduct when they "require the same criminal intent, are committed at the same time and place, and involve the same victim."[7] Unless all elements are present, the offenses must be counted separately.[8]

---

[4] Report of Proceedings (RP) (Dec. 18, 2015) at 77.

[5] Id. at 84.

[6] RCW 9.94A.525(5)(a)(i).

[7] RCW 9.94A.589(1)(a).

[8] State v. Porter, 133 Wn.2d 177, 181, 942 P.2d 974 (1997).

The defendant bears the burden of proving same criminal conduct.[9] This court reviews determinations of same criminal conduct for abuse of discretion or misapplication of law.[10]

In White's plea statement, he admitted:

Between 7/29/13 and 7/31/13, in King Co., I knowingly and willfully violated the terms of a court order issued on 3/7/14 by Kent Municipal Court pursuant to RCW 10.99 and RCW 26.50 for the protection of Christy Andregg by contacting her on two separate and distinct occasions.[11]

At sentencing, White's attorney conceded that there was no argument that the two misdemeanor convictions for violation of the no-contact order were not separate and distinct. White simply argued that the two convictions should be counted as one because they were under the same cause number. But White presented no factual argument as to why the two convictions met the statutory definition of same criminal conduct and thus, failed to meet his burden of proving same criminal conduct. Given White's acknowledgement that the two prior misdemeanor convictions involved separate and distinct events, the sentencing court did not abuse its discretion in concluding that the convictions should be scored separately.

For the first time on appeal, White argues that the unit of prosecution for violation of a court order supports viewing his convictions as same criminal conduct. But White does not provide any argument or authority supporting review of his argument for the

---

[9] State v. Graciano, 176 Wn.2d 531, 539, 295 P.3d 219 (2013).

[10] Id. at 535.

[11] CP at 87.

first time on appeal.[12] Therefore, we decline to address his argument.

In his statement of additional grounds, White asserts that the "prosecutor and State of Washington denied me equal protection of the laws" under the Fourteenth Amendment.[13] Because White fails to inform the court of the nature and occurrence of the alleged errors, his assertion fails.[14] White also asserts his attorney "was not effective in disputing the State's calculation of prior history."[15] But White fails to show either that his attorney's performance was deficient or that he was prejudiced thereby.[16]

Therefore, we affirm.

WE CONCUR:

_____

_____

_____
COX, J.

---

[12] See RAP 2.5(a); see State v. McFarland, 127 Wn.2d 322, 332-33, 899 P.2d 1251 (1995) (Under RAP 2.5(a), an issue cannot be raised for the first time on appeal unless it is a manifest error affecting a constitutional right. The appellant must show the alleged error is "manifest" by demonstrating actual prejudice.).

[13] Statement of Additional Grounds at 1.

[14] RAP 10.10(c).

[15] Statement of Additional Grounds at 1.

[16] See McFarland, 127 Wn.2d at 334-35 (a defendant claiming ineffective assistance of counsel must demonstrate both deficient performance and prejudice, i.e., a reasonable probability that the outcome would have been different but for counsel's omission).