# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON



STATE OF WASHINGTON,

        Respondent,

    v.

HECTOR SERANO SALINAS,

        Appellant.

No. 70125-8-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: July 21, 2014

LEACH, J. — Hector Serano Salinas appeals his amended judgment and sentence for conviction for three counts of rape in the first degree. He challenges the trial court's finding that two counts were the same criminal conduct but that the third count was a separate offense. Because Salinas did not ask the sentencing court to make a factual determination that all three rapes occurred in one location and that no rapes occurred in a second location, he fails to show that the trial court abused its discretion. We affirm.

## Background

On June 30, 2008, around 2:00 a.m., D.P., who was homeless and living on the streets, awoke near a park in Bellingham to find Salinas sitting close to her. Salinas reached over and kissed her. When D.P. stood up, Salinas grabbed her and hit her in the face. He had a knife in his hand. Salinas raped D.P. and then dragged her into the park where the assault continued. Afterward,

D.P. flagged down a police car and told the officer that a man with a knife raped her.

The State charged Salinas with three counts of rape in the first degree and one count of kidnapping in the first degree. A jury convicted Salinas as charged.

In his sentencing memorandum, Salinas argued that all of the counts "involve the same victim, occurred at the same place, and were nearly simultaneous in time. Further, because the victim testified the acts of forcible sexual intercourse only occurred at the first as opposed to second crime scene, the three acts of rape involved the same objective criminal intent." The court did not address this argument.

Although it became apparent at sentencing that Salinas could not be punished for the kidnapping conviction because it merged into his rape convictions, there was general agreement that this issue was moot because of the court's finding that Salinas was a persistent offender. Based upon this persistent offender finding, the court sentenced Salinas to life imprisonment without the possibility of release. The court calculated his offender score as 9.

On appeal, this court concluded that even though a same criminal conduct finding would not affect the length of Salinas's sentence, "[t]rial courts should make a finding on same criminal conduct at sentencing when requested to do so,

even if the potential impact on the sentence depends on a reversal."[1] This court remanded for the trial court to determine if the three counts of rape involved the same criminal conduct.[2]

On remand, Salinas contended,

As I understand the facts in this case, there was really no question that the offense involved the same victim. The debatable issue is whether same place and same time is in the strict and literal sense literally the same, the same exact spot in terms of place versus a more grand site which is the, the park area down there below, below the street.

I would, I would take the position that given the fact that we're dealing with a very small area here, I can't recall the exact dimensions. I know that Bellingham police did take a, a measuring device down there from the initial site and measured it down to where they believed a second site was located, and I don't recall it being a very long distance. I'm going to guess that it was something under 200 feet away, but based, literally basically down the hill, and at the bottom of the falls there where the creek comes out I think is the second site of the second incident.

As far as time is concerned, I think we're talking about moments, not, not hours, not, certainly not days or weeks, but literally moments, and I think that under the Sentence Reform Act, the Court certainly could well find that was is a, a series of transactions that are all related to one another, and in that sense are same place, same time, same victim and would certainly possibly be found to be same course of conduct.

The trial court ruled,

Well, my recollection of the facts and what happened in this case is that there was the incident up where [D.P.] was camping near the street, and that after that incident, she was dragged down through the park down below. They had to go around, they tried to go, there was kind of a barrier Mr. Salinas attempted to cut with his knife, was unable to do, and he had to drag her around some

---

[1] State v. Serano Salinas, 169 Wn. App. 210, 225, 279 P.3d 917 (2012), review denied, 176 Wn.2d 1002 (2013).
[2] Serano Salinas, 169 Wn. App. at 225.

machinery, and he dragged her to a new place, then beginning a new assault at that time.

So I think there was sufficient intervening time and the new location that would require him to create the intent to commit a third count in a different, at a different time and location, and they're sufficiently distinct from the originals that the Court would find that the first two counts, the two that occurred up near where [D.P.] was camping would merge as a single course of conduct; that the third incident that occurred over down in the park at another location some minutes later could be read as a separate event, and not the same course of conduct under the statute.

In an amended judgment and sentence, the court found that only two counts were the same criminal conduct and scored the third count as a separate offense. The court calculated his offender score as 8.

Salinas appeals.

Analysis

Salinas claims,

While it is apparent D.P. told police she had been raped in two separate locations, D.P.'s trial testimony—far more detailed than what she told officers—made it clear that what she labeled "rape" at the second location was not actually a rape. Rather, all three rapes occurred at the campsite in quick succession.

If, when calculating an offender score, "the court enters a finding that some or all of the current offenses encompass the same criminal conduct[,] then those current offenses shall be counted as one crime."[3] Multiple crimes encompass the same criminal conduct if they involve the same criminal intent and were committed against the same victim at the same time and place.[4]

---

[3] RCW 9.94A.589(1)(a).
[4] State v. Young, 97 Wn. App. 235, 240, 984 P.2d 1050 (1999).

Application of the same criminal conduct statute involves both factual determinations and the exercise of the trial court's discretion.[5] Therefore, we generally defer to the sentencing court's determination of "same criminal conduct" and disturb it only for "'clear abuse of discretion or misapplication of the law.'"[6] Because "a 'same criminal conduct' finding favors the defendant by lowering the offender score below the presumed score," the defendant bears the burden of establishing that crimes constitute the same criminal conduct.[7]

Here, Salinas advances the same argument that he made in his original sentencing memorandum, where he claimed that all three of the rape counts "only occurred at the first as opposed to second crime scene." But he did not raise this contention on remand. Instead, Salinas acknowledged that he raped D.P. in the second location but that the time and location of the third rape were close enough to the rapes in the first location that they constituted the same criminal conduct for sentencing purposes.

On remand, Salinas did not ask the court to find that no rape occurred in the second location. He now asks us to rule that the court erred when it did not find that all three rapes occurred at the first location. Because Salinas did not

---

[5] State v. Nitsch, 100 Wn. App. 512, 523, 997 P.2d 1000 (2000).
[6] State v. Haddock, 141 Wn.2d 103, 110, 3 P.3d 733 (2000) (quoting State v. Elliott, 114 Wn.2d 6, 17, 785 P.2d 440 (1990)).
[7] State v. Alana Graciano, 176 Wn.2d 531, 539, 295 P.3d 219 (2013) (citing State v. Lopez, 142 Wn. App. 341, 351, 174 P.3d 1216 (2007); In re Pers. Restraint of Markel, 154 Wn.2d 262, 274, 111 P.3d 249 (2005)).

ask the sentencing court on remand to make this factual determination, we hold that he waived the issue.[8]

Conclusion

Because Salinas failed to ask the trial court to decide that all three rapes occurred at the same location, he waived his right to challenge the trial court's calculation of his offender score on the basis that all three rapes constituted the same criminal conduct. We affirm.

_Leach, J._

WE CONCUR:

_Spearman, C.J._                    _Dwyer, J._

---

[8] See Nitsch, 100 Wn. App. at 520 ("[F]ailure to identify a factual dispute for the court's resolution and . . . failure to request an exercise of the court's discretion" waives a challenge to an offender score.); see also In re Pers. Restraint of Goodwin, 146 Wn.2d 861, 874, 50 P.3d 618 (2002) ("[W]aiver may be found where a defendant stipulates to incorrect facts.").