IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 35481-4-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL HARNESS, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Michael Harness appeals from his sentences for vehicular assault

and hit and run—bodily injury, arguing that the two offenses should have been

considered same criminal conduct. The trial court did not err when it determined that

they were not the same criminal conduct.

FACTS

The relevant facts can be stated succinctly. Driving a borrowed Ford Explorer,

Mr. Harness drove through a stop sign at high speed and struck a Toyota Corolla driven

by Ms. Tamara Fischer. Ms. Fischer suffered numerous serious injuries, including

traumatic brain injury.[1] Mr. Harness fled the scene on foot, but was captured later.

---

[1] Other injuries included broken ribs, collapsed lungs, a broken pelvis, a broken
sacrum, bruising of the heart, a ruptured diaphragm, a ruptured spleen, and lacerations of
the stomach and intestines.

Ultimately, the prosecutor filed charges of hit and run, bodily injury (count I), vehicular assault by driving in a reckless manner (count II), and vehicular assault by driving with disregard for the safety of others (count III). Ms. Fischer was the victim of both vehicular assault counts. The jury found Mr. Harness guilty on all three counts.

After merging the two vehicular assault convictions, the trial court found that the two remaining crimes did not constitute the same criminal conduct and that the offender score was "9+." Clerk's Papers (CP) at 105-106. The court imposed concurrent top end sentences of 84 months on each count.

Mr. Harness appealed to this court. A panel considered his appeal without hearing argument.

ANALYSIS

This appeal argues, on two different bases, that the court erred in treating the two offenses as separate criminal conduct. The trial court did not abuse its discretion.

At issue is RCW 9.94A.589(1)(a). When imposing sentence under that subsection, courts are required to include each other current offense in the offender score unless one or more of those offenses constitute the same criminal conduct, in which case they shall be "counted as one crime." The statute then defines that particular exception to the scoring rule: "'Same criminal conduct,' as used in this subsection, means two or more crimes that require the same criminal intent, are committed at the same time and place, and involve the same victim." *Id*.

2

Offenses have the same criminal intent when, viewed objectively, the intent does not change from one offense to the next. *State v. Dunaway*, 109 Wn.2d 207, 215, 743 P.2d 1237 (1987). "Intent, in this context, is not the particular *mens rea* element of the particular crime, but rather is the offender's objective criminal purpose in committing the crime." *State v. Adame*, 56 Wn. App. 803, 811, 785 P.2d 1144 (1990). Courts have also looked at whether one crime furthers the other or whether the offenses were part of a recognized plan or scheme. *Dunaway*, 109 Wn.2d at 215 (furtherance test); *State v. Lewis*, 115 Wn.2d 294, 302, 797 P.2d 1141 (1990) (same scheme or plan).

It is the defendant's burden to establish that offenses constitute the same criminal conduct. *State v. Graciano*, 176 Wn.2d 531, 540-541, 295 P.3d 219 (2013). We review the trial court's ruling on this issue for abuse of discretion. *Id*. at 541. Discretion is abused when it is exercised on untenable grounds or for untenable reasons. *State ex rel Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

The record establishes, and the parties agreed at sentencing, that Mr. Harness had 8.5 points of criminal history. The other current offense served to move the sentence range to the "9+" category.[2] Thus, a same criminal conduct finding would have served to reduce the standard range for each offense.

---

[2] Both charges are classified as "felony traffic offenses" under RCW 9.94A.030(26)(a). In accordance with RCW 9.94A.525(11), the vehicular assault conviction adds two points to the standard range for the hit and run, while the latter offense only adds one point to the range for the vehicular assault conviction. As a result,

As an initial matter, Mr. Harness's failure to argue in the trial court that the two offenses were the same criminal conduct waived the issue. *Graciano*, 176 Wn.2d at 541. Anticipating this problem, Mr. Harness claims his attorney provided ineffective assistance by failing to make this argument at sentencing. To prevail on such a claim, he would have to show both that his attorney erred so significantly that he failed to live up to the standards of the profession and that counsel's error prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 688-692, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *State v. McFarland*, 127 Wn.2d 322, 334-335, 899 P.2d 1251 (1995). Even assuming that it was error to not raise the matter, the record does not establish prejudice. In order to prevail, the record would need to show that the court likely would have granted the request. *See McFarland*, 127 Wn.2d at 333-334 (any error in failing to request suppression hearing was not manifest because defendants could not show that trial court would have granted the motion).

Given the trial court's remarks about the severe injuries the defendant randomly had inflicted on Ms. Fischer and the imposition of a top end sentence, there is no reason to believe that the trial court would have exercised its decision in favor of Mr. Harness if he had asked to do so. More importantly, the two offenses do not appear to have constituted the same criminal conduct. First, the two offenses occurred sequentially, thus

---

Mr. Harness's exact offender score would be 10.5 for the hit and run and 9.5 for the vehicular assault.

negating the possibility that they occurred at the same time. Second, the objective intent of the two offenses was not the same. The intent of the vehicular assault was merely poor driving—driving in a reckless manner and/or in disregard of the safety of others. In contrast, the objective intent in the hit and run was an effort to avoid responsibility for the consequences of his driving.

The two offenses did not share the same intent. They also did not further each other. Although there would have been no need to flee except for the accident, the assault was not committed to further the escape. These two sequential offenses did not constitute the same criminal conduct.

Division One reached the same result in an earlier decision that also involved these same two offenses, *State v. Flake*, 76 Wn. App. 174, 883 P.2d 341 (1994). Citing the same reasons, *Flake* affirmed a trial court decision that treated the two crimes as separate offenses. *Id*. at 180-181. Mr. Harness tries to distinguish his argument from that in *Flake*, contending that the vehicular assault furthered the commission of the hit and run. However, that contention is contrary to the facts. The vehicular assault was completely committed before he subsequently made the decision to flee the scene without rendering aid to his victim. The assault merely preceded the failure to render aid; it was not committed for the purpose of permitting Mr. Harness to refuse to aid his victim.

The two offenses did not constitute the same criminal conduct.

No. 35481-4-III
*State v. Harness*

Affirmed.[3]

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Lawrence-Berrey, C.J.

_____
Siddoway, J.

---

[3] After the hearing date of this case, appellate counsel filed a motion to strike the criminal filing fee in light of *State v. Ramirez*, ___ Wn.2d ___, 426 P.3d 714 (2018). However, the trial court did not impose the filing fee in this case and the judgment and sentence form contains a strike-through of that cost, which is not included in the tally of expenses. Accordingly, we decline to further address this motion.