# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 51242-4-II |
| Respondent, | |
| v. | |
| JOHN BENTON RAGLAND, | UNPUBLISHED OPINION |
| Appellant. | |

CRUSER, J. — John Benton Ragland appeals his sentence following a resentencing hearing. He argues that (1) the sentencing court erred when it resentenced him without an updated presentence investigation report (PSI) and (2) the community custody condition prohibiting him from frequenting places where children congregate is unconstitutionally vague. Additionally, in his statement of additional grounds (SAG), he argues that (3) the court abused its discretion or misapplied the law by deciding that two child molestation counts were not the same criminal conduct. We hold that (1) the court did not err because a PSI is not required upon resentencing, (2) the community custody condition is not unconstitutionally vague following the Supreme Court's decision in *State v. Wallmuller*, 194 Wn.2d 234, 449 P.3d 619 (2019), and (3) the court did not abuse its discretion by refusing to find that the two counts were same criminal conduct. Accordingly, we affirm.

FACTS

On July 14, 2015, a jury convicted Ragland of one count of first degree rape of a child, I.M.R.[1], first degree child molestation of I.M.R., first degree child molestation of S.D.R., first degree child molestation of S.D.R., one count of first degree incest of I.M.R., and one count of second degree incest of S.D.R. The court imposed a total sentence of 318 months to life. Ragland appealed his convictions and we reversed Ragland's first degree rape of a child, first degree incest, and second decree incest convictions and remanded for a new trial on those charges.

On remand, during a hearing on October 9, 2017, the State asked the court to dismiss the first degree rape of a child, first degree incest, and second degree incest convictions without prejudice and asked to proceed with resentencing on the remaining convictions. Defense counsel asked for a continuance to discuss some additional matters with Ragland, particularly the need for an updated PSI.

The court continued the matter to November 6 and stated, "I also want to be clear that if there is a request for a revised PSI, then that needs to be made immediately so that that can be addressed before the November 6th scheduled sentencing." Report of Proceedings (RP) (Oct. 9, 2017) at 7-8. On October 12, the court entered an order for a PSI that required the Department of Corrections (DOC) to conduct an investigation and submit an updated presentence report by the date of sentencing.

---

[1] We use initials to identify minor victims. Gen. Order 2011–1 of Division II, *In re the Use of Initials or Pseudonyms for Child Witnesses in Sex Crime Cases* (Wash. Ct. App.), http://www.courts.wa.gov/appellate_trial_courts/.

Ragland was resentenced on November 6. DOC did not comply with the order to submit an updated PSI by the date of sentencing. During the sentencing hearing, the court asked about the missing report. The prosecutor indicated that it was her understanding that DOC Corrections Officer Damon Brown was writing the PSI and had already written a draft. She had been unable to reach him by phone that morning. Defense counsel informed the court that defense counsel had spoken to Ragland and that Ragland had told him that "[Correction Officer] Brown was there less than a minute, basically told [Ragland] that he got off on a technicality and that . . . he wasn't going to change any of his recommendations." RP (Nov. 6, 2017) at 4-5. Defense counsel had not seen the draft report.

The court moved forward with resentencing and noted that "neither party is asking for a continuance." *Id.* at 5. However, the court had previously stated at the October 9 hearing that there would be no more continuances.

Before sentencing, Ragland filed a sentencing memorandum in which he argued that counts III and IV (two counts of first degree child molestation against S.D.R.) involved the same criminal conduct. The State addressed this argument at sentencing and relied on the fact that a *Petrich*[2] instruction was given on counts II, III, and IV as explained in our unpublished decision in *State v. Ragland*, No. 47963-0-II, slip op. (Wash. Ct. App. Dec. 6, 2016) (unpublished), http://www.courts.wa.gov/opinions/. Thus, the State argued that the jury found that these were separate and distinct incidents. Ragland responded that "there was no evidence presented at the trial to actually specify exactly when those acts occurred." *Id.* at 14.

---

[2] *State v. Petrich*, 101 Wn.2d 566, 572, 683 P.2d 173 (1984), *overruled in part on other grounds by State v. Kitchen*, 110 Wn.2d 403, 756 P.2d 105 (1988).

The court addressed these arguments and stated that it reviewed the information for counts III and IV, our decision in *Ragland*, and the jury instructions that were given to the jury for counts III and IV. The court determined that for the two counts "I think with the evidence that was presented at trial, together with the instructions and the verdicts that the jury returned, that tells the Court that they found that there were two separate incidences and that they weren't on the same time and place." *Id.* at 22.

The court sentenced Ragland to 130 months to life. Ragland's judgment and sentence contains a community custody condition that states, "The defendant shall not loiter in nor frequent places where children congregate such as parks, video arcades, campgrounds, water parks, and shopping malls." Clerk's Papers (CP) at 83.

Two days after sentencing, DOC filed the updated PSI that Correction Officer Brown signed. There is a "special note" included in this PSI explaining, "This document is essentially the same Pre-Sentence Investigation report." *Id.* at 86 (capitalization omitted). Changes included those that reflected "the currently presiding judge (Wilson)," the "deletion of crimes won on appeal," revisions to "offender scoring due [to] the deletion of crimes won [on] appeal," edits to "the Conclusion section to reflect crimes which have fallen off due to appeal," and "minor corrections in either spelling, grammar or format." *Id.* Correction Officer Brown met with Ragland on October 18 and informed him of the changes he would be making. He documented that Ragland replied, "'You lied your ass off'" and that Ragland declined to participate in an interview. *Id.* Ragland appeals his sentence.

ANALYSIS

I. PRESENTENCE REPORT

Ragland argues that the court erred in sentencing him without a presentence report as required under RCW 9.94A.500(1). We disagree.

A. LEGAL PRINCIPLES

Former RCW 9.94A.500(1) (2008) provides,

[T]he court shall, at the time of plea or conviction, order the department to complete a presentence report before imposing a sentence upon a defendant who has been convicted of a felony sexual offense. The department of corrections shall give priority to presentence investigations for sexual offenders.

"We review a trial court's interpretation of a statute de novo, and we derive the plain meaning of a statute 'from all that the Legislature has said in the statute and related statutes which disclose legislative intent about the provision in question.'" *State v. Brown*, 178 Wn. App. 70, 79, 312 P.3d 1017 (2013) (quoting *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 11-12, 43 P.3d 4 (2002)). A statute is ambiguous if it is amenable to more than one reasonable interpretation. *State v. Keller*, 143 Wn.2d 267, 276, 19 P.3d 1030 (2001). When we interpret an ambiguous statute, we "'may resort to statutory construction, legislative history, and relevant case law for assistance in discerning legislative intent.'" *State v. Ervin*, 169 Wn.2d 815, 820, 239 P.3d 354 (2010) (quoting *Christensen v. Ellsworth*, 162 Wn.2d 365, 373, 173 P.3d 228 (2007)).

B. THE SENTENCING COURT COMPLIED WITH RCW 9.94A.500(1)

Ragland relies on our decision in *Brown* to argue that RCW 9.94A.500(1) is mandatory and that the court erred in resentencing him without an updated PSI.

In *Brown*, a jury convicted Brown of child rape and incest, but Brown had absconded to another state and authorities did not apprehend him until nine years later. 178 Wn. App. at 74-75.

After his extradition, at sentencing, Brown's defense counsel requested a continuance in order for DOC to conduct a presentence investigation. *Id.* at 75. The court determined that no report was required and imposed the maximum standard range sentence to run concurrently. *Id.* Brown argued that former RCW 9.94A.110 (2000), *recodified as* RCW 9.94A.500, mandated such a report and that the court erred in sentencing him without it. *Id.* at 79. We held that the "statutory language is mandatory and unambiguous." *Id.* Furthermore, we held that we could not apply a harmless error analysis because we could only speculate as to what information a report might have contained and what effect it would have on the outcome. *Id.* at 80-81. We vacated Brown's sentence and remanded for resentencing. *Id.* at 85.

*Brown* is distinguishable because unlike in *Brown*, here, DOC provided a PSI at Ragland's original sentencing in 2015. Based on the plain meaning of former RCW 9.94A.500(1), the statute does not require a new presentence report for resentencing. Former RCW 9.94A.500(1) specifically states that "the court shall, *at the time of plea or conviction*, order the department to complete a presentence report before imposing a sentence upon a defendant who has been convicted of a felony sexual offense." (Emphasis added.) "[A]t the time of plea or conviction" was when the court originally sentenced Ragland for his convictions. Former RCW 9.94A.500(1). Under the plain meaning of the statute, a presentence report is required only at the time of plea or conviction, not at resentencing. Accordingly, we conclude that the court did not err by resentencing Ragland without an updated PSI.

## II. COMMUNITY CUSTODY CONDITION

Community custody condition 8 provides that Ragland "shall not loiter in nor frequent places where children congregate such as parks, video arcades, campgrounds, water parks, and shopping malls." CP at 83.

Ragland argues that this community custody condition prohibiting him from loitering or frequenting places "'where children congregate'" is unconstitutionally vague. Br. of Appellant at 14 (quoting CP at 83). The State acknowledges that this court has held that a community custody condition prohibiting frequenting "where children congregate" is unconstitutionally vague. Br. of Resp't at 7. We stayed this issue pending the Supreme Court's decision in *Wallmuller*.[3] The Supreme Court issued its decision on September 26, 2019 and held that the community custody condition in that case was not unconstitutionally vague. *Wallmuller*, 194 Wn.2d at 245.

### A. LEGAL PRINCIPLES

We review community custody conditions for an abuse of discretion. *Id.* at 238. A trial court abuses its discretion if it imposes an unconstitutionally vague community custody condition. *Id.* An unconstitutionally vague community custody condition violates due process principles within the Fourteenth Amendment to the United States Constitution and article I, section 3 of the Washington Constitution if either "'(1) it does not sufficiently define the proscribed conduct so an ordinary person can understand the prohibition or (2) it does not provide sufficiently ascertainable standards to protect against arbitrary enforcement.'" *Id.* at 239 (quoting *State v. Padilla*, 190 Wn.2d 672, 677, 416 P.3d 712 (2018)). We review constitutional questions de novo. *Id.* at 238.

---

[3] Ragland moved to lift the stay following the Supreme Court's decision in *Wallmuller*. We grant Ragland's motion to lift the stay and now address the community custody condition.

A community custody provision "'is not unconstitutionally vague merely because a person cannot predict with complete certainty the exact point at which his actions would be classified as prohibited conduct.'" *Id.* at 239 (quoting *State v. Padilla*, 190 Wn.2d at 677) (internal quotation marks omitted). But "'fair warning of [the] proscribed conduct,'" wherein "'ordinary people can understand what is and is not allowed'" is sufficient. *Id.* (quoting *State v. Sanchez Valencia*, 169 Wn.2d 782, 791, 239 P.3d 1059 (2010)).

B. THE COMMUNITY CUSTODY CONDITION IS NOT UNCONSTITUTIONALLY VAGUE

In *Wallmuller*, the Supreme Court held that the community custody condition prohibiting Wallmuller from "'places where children congregate such as parks, video arcades, campgrounds, and shopping malls'" was not unconstitutionally vague. *Id.* at 237, 245. The Court held that while the phrase "where children congregate" would be unconstitutionally vague standing alone, when that phrase is illustrated by a nonexclusive list of prohibited places, the condition is sufficiently specific. *Id.* at 243. Due process "does not require impossible precision," and a "commonsense" reading of the challenged community custody condition in context would allow "an ordinary person [to] understand the scope of the prohibited conduct." *Id.* at 244-45. An individual subject to that condition is sufficiently appraised of the types of places that they must avoid, and the condition "does not invite arbitrary enforcement." *Id.* at 245.

Here, condition 8 also contains the phrase "places where children congregate" followed by the phrase "such as" with a list of prohibited places. CP at 83. Ragland recognized that the contested condition here was "virtually identical," to the one at issue in *Wallmuller*. Motion to Lift Stay at 1. Accordingly, condition 8 satisfies due process because it is not unconstitutionally vague. We affirm the imposition of this community custody condition.

III. SAME CRIMINAL CONDUCT

In a Statement of Additional Grounds for Review (SAG), Ragland argues that the court erred by (1) not properly reviewing the record to determine whether counts III and IV were same criminal conduct and (2) misstating the law in determining same criminal conduct. We conclude that the court did not abuse its discretion.

A. LEGAL PRINCIPLES

We review a court's determination of same criminal conduct for abuse of discretion or misapplication of law. *State v. Graciano*, 176 Wn.2d 531, 535, 295 P.3d 219 (2013). In applying this standard, a court abuses its discretion when the record supports only one conclusion on whether the crimes constitute the same criminal conduct and the court reached the opposite result. *Id.* at 537-38. However, "where the record adequately supports either conclusion, the matter lies in the court's discretion." *Id.* at 538. It is the defendant's burden to prove that current offenses encompass the same criminal conduct. *Id.* at 539.

A determination of same criminal conduct alters a defendant's offender score and affects the standard range sentence because an offender score is calculated by adding the points for each prior conviction. *Id.* at 535-36; RCW 9.94A.525. A court will consider two or more crimes the same criminal conduct if they "require the same criminal intent, are committed at the same time and place, and involve the same victim." Former RCW 9.94A.589(1) (2002). "[I]f the court enters a finding that some or all of the current offenses encompass the same criminal conduct then those current offenses shall be counted as one crime." *Id.* But if the defendant fails to prove any of these statutory elements, the crimes are not the same criminal conduct. *Graciano*, 176 Wn.2d at 540.

B. THE SENTENCING COURT DID NOT ABUSE ITS DISCRETION

Ragland argues that the court erred by not finding that the two counts of first degree child molestation against S.D.R., counts III and IV, constituted the same criminal conduct.

In *Graciano*, a jury found Graciano guilty of four counts of first degree child rape and two counts of first degree child molestation. *Id.* at 534. The jury was given a *Petrich* instruction that "a guilty verdict requires unanimous agreement on which act was proved beyond a reasonable doubt," and it was also instructed "that the acts constituting each count must be separate and distinct from one another." *Id.* At sentencing, Graciano argued that the crimes were the same criminal conduct. *Id.* The court ruled that there was sufficient evidence for each of the counts to be separate and distinct. *Id.* However, it noted the record was unclear whether the rape and two molestations occurred in a single incident or on different occasions. *Id.* at 535.

The Supreme Court held that the defendant must prove that these crimes involved the same criminal intent, the same time, the same place, and the same victim. *Id.* at 540. The court addressed time and place and noted, "At best, the record is unclear." *Id.* at 541. The court determined that because Graciano failed to establish the elements of time and place, the trial court did not abuse its discretion in failing to enter a finding of same criminal conduct. *Id.*

Here, Ragland argued for purposes of resentencing that counts III and IV against S.D.R. involved the same criminal conduct. These crimes occurred on or between December 26, 2009 and December 26, 2011. Ragland's sole argument in his sentencing memorandum on this issue was:

> In this case, Mr. Ragland was convicted of two counts of Child Molestation in the First Degree against S.D.R. These crimes are alleged in the information to have occurred on or between December 26, 2009, and December 26, 2011. Based on that pleading, along with the defense's understanding of the testimony and evidence presented at trial, it is the defense's assertion that of the crimes in Count 3 and Count 4 occurred at the same time, at the same place and involved the same victim.

10

As such, the defendant's range would be 67-89 months with an offender score of "3."

CP at 66-67. The sentencing court judge noted that she "was the trial judge that presided over the trial" and that she heard testimony from S.D.R. and I.M.R. RP (Nov. 6, 2017) at 19. The court specifically stated it reviewed the information, the Court of Appeals decision in this case, and the jury instructions given to the jury for counts III and IV. The court ruled that "I think with the evidence that was presented at trial, together with the instructions and the verdicts that the jury returned, that tells the Court that they found that there were two separate incidences and that they weren't on the same time and place." *Id.* at 22. Thus, the court did not find that these counts involved the same criminal conduct.

The record in this case is unclear as to when and where counts III and IV against S.D.R. occurred. S.D.R. and I.M.R. both testified at trial but their testimonies were contradictory with regard to the sexual contact. S.D.R. testified that Ragland performed oral sex on him, but he said that he did not touch Ragland's penis. However, on cross-examination, S.D.R. testified that he touched Ragland's penis, but he said he did not touch it with his hand or anything else. I.M.R. also testified, and she said that she saw Ragland touch S.D.R.'s penis. It was unclear from the testimony presented at trial when and where the sexual contact took place, as well as how often it occurred.

As the court held in *Graciano*, it is the defendant's burden to prove same criminal conduct and when the record is unclear, the court does not abuse its discretion in refusing to find same criminal conduct. 176 Wn.2d at 539, 541. Here, the record is unclear and Ragland did not meet his burden to show these crimes occurred at the same time and place.

Furthermore, Ragland appears to argue that the court misapplied the law in making its ruling by relying only on the fact that only a *Petrich* instruction was given to the jury and that the

11

jury found separate and distinct acts. Ragland also argues that the court based its findings on "memory" and did not legitimately consider the record. SAG at 3. However, the court stated that it based its ruling on the "evidence that was presented at trial." RP (Nov. 6, 2017) at 22. "[W]here the record adequately supports either conclusion [of whether or not there was same criminal conduct], the matter lies in the court's discretion." *Graciano*, 176 Wn.2d at 538. Thus, we conclude that the court did not abuse its discretion.

## CONCLUSION

Accordingly, we affirm Ragland's sentence because a PSI is not required upon resentencing, the community custody condition is not unconstitutionally vague, and the court did not abuse it discretion by refusing to find that the two counts were same criminal conduct.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

CRUSER, J.

We concur:

WORSWICK, P.J.

GLASGOW, J.