[No. 6255-1-II.   Division Two.   July 26, 1984.]

THE STATE OF WASHINGTON, *Respondent,* v. RONALD C. GANTT, *Appellant.*

*Richard A. Hansen,* for appellant.

*Henry R. Dunn, Prosecuting Attorney,* and *Robin M. Force, Deputy,* for respondent.

PETRICH, C.J.—Ronald C. Gantt appeals his jury conviction of negligent homicide by motor vehicle, former RCW

46.61.520.[1] Finding no error in submitting the issue of proximate cause to the jury and there being sufficient evidence to support the jury's verdict, we affirm.

On the evening of April 23, 1981 at approximately 8 p.m., Gantt while driving his 1971 Mustang struck the rear end of a double trailer truck in the southbound lanes of Interstate 5 near Woodland. Gantt contends the truck was braking and the collision unavoidable. The truck driver testified that, at the time he felt "a bump" in the Woodland area, he was traveling with a load of 41,000 pounds of flat steel at approximately 55 to 60 miles per hour. Unaware of any vehicle impact, the truck continued on. Unfortunately, the severity of the accident disabled Gantt's vehicle in the middle of the freeway. There it was struck by an oncoming vehicle, the driver of which was killed.

Gantt stated that he had consumed three 16–ounce beers on the date in question, the last being at 4 p.m. A blood sample taken at 9:40 p.m. revealed a blood alcohol content of .14 percent.

The State charged Gantt by information with negligent homicide in that he "did operate said motor vehicle with a disregard for the safety of others; and while under the influence of and affected by the use of intoxicating liquor" contrary to RCW 46.61.520. Gantt challenged the legal sufficiency of the evidence to prove the requisite proximate causation between his intoxication and the decedent's death by appropriate motions. The court denied these motions. Following submission of the issue of proximate cause to the jury, it returned a verdict of guilty. Gantt appeals.

Gantt's primary contention is that the court erred in not ruling, as a matter of law, that the evidence did not support the proximate cause link between his misconduct and the decedent's death. The question of proximate cause was appropriately within the province of the jury.

Former RCW 46.61.520 reads in pertinent part as

---

[1]Amended by Laws of 1983, ch. 164, § 1.

follows:

> Negligent homicide by motor vehicle—Penalty. (1) When the death of any person shall ensue within three years as a proximate result of injury received by the driving of any vehicle by any person while under the influence of or affected by intoxicating liquor or drugs, or by the operation of any vehicle in a reckless manner or with disregard for the safety of others, the person so operating such vehicle shall be guilty of negligent homicide by means of a motor vehicle.

Prior case authority has construed this provision to require proof of a proximate causal link between the defendant's misconduct and the accident which results in another's death. *State v. Nerison,* 28 Wn. App. 659, 625 P.2d 735, *review denied,* 95 Wn.2d 1024 (1981).

Proximate cause is a cause which in direct sequence, unbroken by any new, independent cause, produces the event complained of and without which the injury would not have happened. *Bernethy v. Walt Failor's, Inc.,* 97 Wn.2d 929, 935, 653 P.2d 280 (1982). The question of proximate cause is for the jury unless the facts are undisputed and the inferences therefrom are plain and not susceptible of reasonable doubt or difference of opinion. *Petersen v. State,* 100 Wn.2d 421, 436, 671 P.2d 230 (1983) (disputed facts and varying inferences therefrom presented a jury question). *Cf. Bowers v. Transamerica Title Ins. Co.,* 100 Wn.2d 581, 590, 675 P.2d 193 (1983).

Sufficient dispute existed concerning the inferences from the facts here to pass the question on to the jury. Neither party presented eyewitness accounts of either collision. Reliance upon circumstantial evidence was necessary. Since reasonable minds could have differed on the facts, it was not within the province of the trial judge to rule as a matter of law. There is no error.

Gantt did not take exception to any jury instructions, nor did he assign error on appeal. Thus, we need only consider whether any rational trier of fact could have found the essential elements of negligent homicide by motor vehicle beyond a reasonable doubt. *State v. Green,* 94 Wn.2d 216,

616 P.2d 628 (1980).

Gantt argues that there is no causal link between his intoxication which caused the disabling impact with the truck and the second collision resulting in death, because his stranded vehicle could have been there for any reason, such as a flat tire, mechanical breakdown or emergency stop. Alternatively, he attempts to avoid proximate causation by arguing that he did not cause death by driving his vehicle into another.

Several vital facts lay to rest Gantt's contentions. He smashed his vehicle into the back of a loaded truck which was traveling between 55 and 60 miles per hour. The severity of the impact completely disabled Gantt's car in the middle of the freeway. An approaching vehicle collided with his car, killing the driver. Gantt's blood alcohol content approximately 1 hour and 40 minutes after the incident registered .14 percent.

The jury correctly applied the facts to the law to find that Gantt's first negligent collision set in motion a chain of events, unbroken by any superseding intervening event, which caused the decedent's death.

Affirmed.

PETRIE and REED, JJ., concur.