[No. 34323-8-I.   Division One.   May 22, 1995.]

THE STATE OF WASHINGTON, *Respondent*, v. TYRONE
ROBERT LOVELACE, *Appellant*.

*Eric J. Nielson* and *Nielson & Acosta,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Dana Cashman,
Deputy,* for respondent.

PEKELIS, J.* — Tyrone Lovelace (Lovelace) appeals his conviction for vehicular assault. Lovelace contends that there was insufficient evidence to support the trial court's conclusion that his driving while intoxicated was the proximate cause of the accident.[1] We affirm.

## FACTS

On May 25, 1992, Michael King (King) and Lovelace met to go out for the evening. Lovelace was driving his van that evening. King later testified that, over the course of the evening, the two had shared a 40-ounce beer and Lovelace had taken some cough medicine.

At about 5 a.m. on May 26, Robert Macumber (Macumber) was driving to work. Macumber was driving in the far right-hand lane approaching the Montlake Bridge. The arterial across the bridge has two lanes of traffic going in both directions. Macumber and Lovelace were traveling in opposite directions. It was raining when they arrived at the bridge. Lovelace's van slid, crossed a lane of oncoming traffic, and hit Macumber's vehicle. Lovelace's van continued onto the sidewalk and hit a tree.

Officer Steven Kaffer arrived at the scene shortly after the accident occurred. After speaking with the rescue workers, the officer approached Lovelace and King, who were standing near the van. King told the officer that a third man named Jeff had been driving the van, but had run from the scene immediately after the accident. King said that he and Lovelace had run after him. Lovelace agreed with King. Lovelace also told the officer that he owned the van, but had not been driving because he was too drunk.

The officer could smell alcohol on the two men and said that they both appeared intoxicated. He said that Lovelace's

---

*This opinion was filed after the appointment of Justice Rosselle Pekelis to the Washington State Supreme Court, but it was signed by Justice Pekelis prior to her appointment.

[1]In the unpublished portion of this opinion, we also address Lovelace's contention that: (1) the State's delayed filing of the findings of fact and conclusions of law warrants reversal and (2) the trial court erred in refusing to suppress evidence because the police officer did not have a valid predicate for a *Terry* stop.

eyes were watery and bloodshot and his speech was slurred. The officer also said that Lovelace's movements were unsteady.

The officer decided to speak with Lovelace and King separately. When the two gave conflicting stories, the officer placed Lovelace under arrest for false reporting. After waiving his *Miranda* rights, Lovelace admitted that there was no "Jeff" and that he had been driving the van.

The officer took Lovelace to the precinct, where he administered both the BAC Verifier DataMaster test (the breathalyzer) and a field sobriety test. A field sobriety test is designed to determine whether a person has the attention skills necessary for driving.

The officer asked Lovelace to walk in a straight line in a heel-to-toe manner for 10 steps and then turn around. When Lovelace attempted to do this, he began swaying from side to side and he stepped off the imaginary line five times to regain his balance. The officer then asked him to raise either leg 6 inches off the ground and then count backward from 30. Lovelace dropped his foot at 22. He repeated the test and dropped his foot at 17.

The officer then asked Lovelace to lean his head back, place his feet together, close his eyes, and touch the tip of his nose with his index finger. On the first attempt, Lovelace neglected to lean his head backward. When he finally managed to get in the correct position, he missed his nose twice. Lovelace was asked to recite the alphabet which he did very slowly.

The officer then asked Lovelace the date; Lovelace answered May 25 when it was, in fact, the 26th. When asked the time, Lovelace said 1 a.m., when it was, in fact, 6:40 a.m. According to the officer, Lovelace said that he admitted full guilt when asked about the accident. Lovelace also told the officer that there had been something mechanically wrong with his vehicle.

The officer then administered two breathalyzer tests. The first test measured Lovelace's blood alcohol level as .18 percent and the second test measured it as .17 percent. The

officer said that he believed Lovelace's impairment due to alcohol was extreme.

Lovelace was charged with one count of vehicular assault. He waived his right to a jury trial. The trial court found him guilty.

### SUFFICIENCY OF THE EVIDENCE

■ On appeal, Lovelace contends that there is insufficient evidence to support his conviction. "The test for determining the sufficiency of the evidence is ' "whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." ' " *State v. Taylor*, 74 Wn. App. 111, 122, 872 P.2d 53 (quoting *State v. Brown*, 68 Wn. App. 480, 483, 843 P.2d 1098 (1993)), *review denied*, 124 Wn.2d 1029 (1994).

Lovelace was convicted under the second prong of the vehicular assault statute which required the State to prove that (1) Lovelace operated a vehicle while intoxicated and (2) this conduct was the proximate cause of Macumber's injuries. RCW 46.61.522(1)(b).

Lovelace concedes that he was operating the vehicle while intoxicated. However, he challenges the trial court's conclusion that his driving while intoxicated was the proximate cause of the accident.

■■ "Proximate cause is defined as 'a cause which in direct sequence, unbroken by any new, independent cause, produces the event complained of and without which the injury would not have happened.' " *State v. McAllister*, 60 Wn. App. 654, 660, 806 P.2d 772 (1991) (quoting *State v. Gantt*, 38 Wn. App. 357, 359, 684 P.2d 1385 (1984)). To establish proximate cause in a vehicular assault case, the State must prove ordinary negligence and intoxication while driving. *McAllister*, 60 Wn. App. at 658-59. Vehicular assault is not a strict liability crime. *See State v. MacMaster*, 113 Wn.2d 226, 231, 778 P.2d 1037 (1989); *McAllister*, at 658-60.

Having conceded that he was driving under the influence, Lovelace argues that the State did not establish ordinary

negligence. We disagree. There was sufficient evidence from which Lovelace's negligence could be inferred. Lovelace crossed over one lane of oncoming traffic before striking Macumber's car, which was in the far right-hand lane. His van then continued out of control until it went onto the sidewalk and struck a tree.

Furthermore, there was substantial evidence that Lovelace's ability to drive was severely impaired. When Officer Kaffer gave Lovelace a field sobriety test, which was designed to determine whether a person has the attention skills necessary for driving, Lovelace performed poorly. He was unable to walk in a straight line, stand on one foot, follow directions, or touch his fingers to the tip of his nose. At the time of the accident, Lovelace had a blood alcohol level of at least .17 or .18 percent. His level of impairment strongly supports an inference that his negligence caused him to leave his lane.

Lovelace next argues that even if the State established a prima facie case of proximate cause, there nevertheless was insufficient evidence to support his conviction because two superseding causes may have broken any link between his intoxication and the accident. He argues that the accident could have been caused either by mechanical problems with the van or because the bridge deck was slick.

However, there was next to no factual evidence to support his theory that mechanical problems or an unusually slippery bridge deck was a superseding cause of the accident. While the burden to prove beyond a reasonable doubt all the elements of the crime remains on the State, the State is not required to offer evidence to negate the defendant's unsubstantiated theories of possible superseding causes.

We conclude that the State introduced sufficient evidence to support the trial court's conclusion that Lovelace's intoxication was the proximate cause of the accident. Therefore, we affirm Lovelace's conviction.

The remainder of this opinion, wherein we address Lovelace's other assignments of error, has no precedential value. Therefore, it will be filed for public record in accordance

with the rules governing unpublished opinions. *See* RCW 2.06.040.

GROSSE and Cox, JJ., concur.

Review denied at 127 Wn.2d 1024 (1995).