# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>       Respondent,<br><br>  v.<br><br>SION ELIJAH WILSON,<br><br>       Appellant. | No. 56366-5-II<br><br>UNPUBLISHED OPINION |

CHE, J. — Sion Wilson appeals his judgment and sentence for first degree robbery and second degree assault. He argues that the trial court abused its discretion by concluding that the convictions were not the same criminal conduct for purposes of calculating his offender score. We disagree and affirm.

## FACTS

### I.  Background

In 2018, Wilson, Hayden Brewer, and Miccah McDowell drove to McDowell's step-grandfather, Robert Davis', home. The three men encountered Davis in his garage, where Wilson hit him on the head. The men took Davis into the house and forced him to open his safes containing firearms, jewelry, and money. Brewer then forced Davis into a shower where he stabbed Davis 15 times and shot him.

II.     Procedural

Following his participation in the home invasion, Wilson pleaded guilty to first degree robbery, second degree assault, first degree burglary, first degree arson, taking a motor vehicle without permission, and theft of a firearm. In his plea statement, Wilson stated:

> [A]s an accomplice, I entering and remaining unlawfully in the home of Bob Davis with the intent to steal from him and while in his home, another participant of the crime intentionally assaulted him. Also on that day, I assaulted Mr. Davis during the commission of a felony. On that same day and at the same place, another participant to the crimes, knowingly and maliciously caused a fire that damaged the home of Mr. Davis. Additionally, on that same day, without the permission of Mr. Davis, I was a passenger in a vehicle belonging to Mr. Davis that I knew was stolen and I withheld that vehicle from Mr. Davis, the true owner. Also on that day, with the intent to deprive Mr. Davis of the same, I stole a firearm from him. On that 9th day of June, 2018, I did not leave the home of Mr. Davis, disassociate myself from my co-defendants and call law enforcement as I should have and, I was initially ready to assist in the "lick" with the others that planned the crimes and participated in the commission of the same.

Clerk's Papers at 61.

At his plea hearing, Wilson agreed to supplement the factual basis for his guilty plea with the following facts:

> that at the time that the arson occurred, [Wilson] knowingly and maliciously by an accomplice to [Wilson], that Mr. Davis was a live person and he was present in the building where the fire was set. Two, that Mr. Davis, by virtue of the assaults committed upon him by participants in this crime suffered substantial bodily injury. And, three, that Mr. Davis suffered that substantial bodily injury in the course of and in the furtherance of the robbery.

Rep. of Proc. at 11.

Wilson filed a motion for the trial court to enter a finding of same criminal conduct on the first degree robbery and second degree assault convictions. The trial court denied Wilson's motion, concluding that the crimes did not constitute the same criminal conduct under both the same statutory intent analysis and an objective analysis.

2

Wilson appeals the trial court's ruling on his same criminal conduct motion.

ANALYSIS

Wilson argues that the trial court abused its discretion by concluding that his first degree robbery and second degree assault crimes were not the same criminal conduct for sentencing purposes. We disagree.

We review a trial court's determination of the same criminal conduct for abuse of discretion or misapplication of law. *State v. Aldana Graciano*, 176 Wn.2d 531, 535, 295 P.3d 219 (2013). Under this standard, when the record supports only one conclusion regarding whether crimes should be considered the same criminal conduct, a trial court abuses its discretion by reaching a contrary result. *Id*. at 537-38.

It is the defendant's burden to establish that the crimes constitute the same criminal conduct. *Id.* at 539. Crimes are considered the same criminal conduct for sentencing purposes if they (1) require the same criminal intent, (2) are committed at the same time and place, and (3) involve the same victim. RCW 9.94A.589(1)(a). If a defendant fails to establish all of these elements, the convictions must be counted separately in calculating the offender score. *Id*. Put another way, the absence of any one of the three elements precludes a finding of the same criminal conduct. *State v. Porter*, 133 Wn.2d 177, 181, 942 P.2d 974 (1997). We construe the same criminal conduct statute narrowly to disallow most same criminal conduct claims. *State v. Wilson*, 136 Wn. App. 596, 613, 150 P.3d 144 (2007).

Here, the parties do not dispute that the robbery and assault convictions were committed at the same time and place and involve the same victim. Rather, the parties focus on whether the robbery and assault convictions involved the same criminal intent. Wilson delves into the underlying facts of his case and urges us to look beyond the statutory intent of his crimes,

arguing that our proper focus is on whether his intent, viewed objectively, changed from one crime to the next. When Wilson filed his opening appellate brief, he did not yet have the benefit of the Washington Supreme Court's decision in *State v. Westwood*, 2 Wn.3d 157, 167, 534 P.3d 1162 (2023), which clarified the proper analysis for determining same criminal intent.

As explained in *Westwood*, when determining whether the crimes involve the same criminal intent, we first identify the statutory definitions of the crimes to determine the objective intent for each crime. *Id*. If the objective intent for each crime is different, our inquiry ends and the convictions are not the same criminal conduct. *Id*. at 168. If the statutory objective intents are the same or similar, then "courts can then look at whether the crimes furthered each other and were part of the same scheme or plan." *Id*. Subjective intent is irrelevant. *State v. Dunaway*, 109 Wn.2d 207, 216, 743 P.2d 1237, 749 P.2d 160 (1987).

Here, we need not decide whether the crimes furthered each other and were part of the same scheme or plan because the convictions do not share the same statutory objective intent.

The elements of first degree robbery are (1) the defendant committed the robbery and (2) in the course of the robbery, or immediate flight therefrom, the defendant inflicted bodily injury. RCW 9A.56.200. Robbery is defined as

> A person commits robbery when he or she unlawfully takes personal property from the person of another or in his or her presence against his or her will by the use or threatened use of immediate force, violence, or fear of injury to that person or his or her property or the person or property of anyone. Such force or fear must be used to obtain or retain possession of the property, or to prevent or overcome resistance to the taking; in either of which cases the degree of force is immaterial. Such taking constitutes robbery whenever it appears that, although the taking was fully completed without the knowledge of the person from whom taken, such knowledge was prevented by the use of force or fear.

RCW 9A.56.190. A person is guilty of second degree assault, as charged here, if they intentionally assault another and thereby recklessly inflict substantial bodily harm. RCW 9A.36.021(1)(a).

4

No. 56366-5-II

When viewed objectively, the criminal intents for Wilson's crimes are not the same. The intent required for first degree robbery is the intent to deprive the victim of property by the use or threatened use of force, violence, or fear of injury. *State v. Decker*, 127 Wn. App. 427, 431, 111 P.3d 286 (2005); RCW 9A.56.190, .200. Wilson's second degree assault charge required the objective intent to assault someone and thereby inflict substantial bodily harm. RCW 9A.36.021(1)(a)[1]; *State v. Melland*, 9 Wn. App. 2d 786, 803, 452 P.3d 562 (2019). Accordingly, Wilson's crimes do not share the same intent, and the trial court did not abuse its discretion by concluding the crimes were not the same criminal conduct.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Che, J.
_____
Che, J.

We concur:

_____
Lee, P.J.

_____
Price, J.

---

[1] RCW 9A.36.021 identifies multiple ways a person may be found guilty of second degree assault. Here, Wilson was charged specifically with RCW 9A.36.021(1)(a).

5