IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>               Respondent,<br><br>         v.<br><br>BRIDGETTE JACKSON,<br><br>               Appellant. | No. 85957-9-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

CHUNG, J. — Bridgette Renee Jackson[1] was convicted by a jury of vehicular assault and felony hit and run. She raises for the first time on appeal the argument that these convictions were based on the "same criminal conduct" for the purposes of calculating her offender score. As such, she contends she is entitled to resentencing. She also raises a claim of ineffective assistance of counsel for failing to make this argument at sentencing. Finding no error, we affirm Jones's convictions and sentence.

FACTS

On January 24, 2019, Stephen Lane was riding a scooter near 10th Avenue and South Jackson Street in Seattle, Washington when he was struck by a car. Seattle Police Department responded to the scene. At the scene, Jones told the witnesses who gathered that she was the driver.

---

[1] As Jackson's briefing indicates that she prefers to use the last name Jones, we use that name herein.

However, at trial, Jones testified that her daughter was driving[2] at the time Lane was struck. She explained that she originally admitted to being the driver to protect her daughter, who was in the midst of a custody dispute over her child. Jones stated that after her daughter struck Lane, she urged her daughter to pull over. Jones testified that while her daughter did not pull over immediately, once she did, they switched seats, with Jones in the driver seat and her daughter in the passenger seat, so they could return to the scene. Jones and her daughter returned to the scene three minutes after Lane was struck. Jones explained she wanted to return to "make sure [Lane] got somebody to help him." However, she did not call 911 to report the accident or seek aid for Lane. She further testified that she did not provide Lane with her name, address, insurance information or license plate number, either verbally or through written documentation, because he was unconscious.

Paramedics responded to the scene and discovered that Lane was unconscious and unresponsive and exhibiting signs of a potential brain injury. Lane was transported to Harborview Medical Center. At Harborview, doctors performed tests that revealed his injuries were consistent with traumatic brain injury, which impacted his cognitive and emotional capabilities and his ability to speak, balance and walk. At trial, Lane testified to his limited memory of the time preceding and following his accident, as well as the lasting impacts that his injuries have had on his ability to hold a job and perform regular activities.

---

[2] Jones also told one of the responding officers that another person was actually driving her daughter's car at the time Lane was struck, not her or her daughter.

Jones was charged with one count of vehicular assault in violation of RCW 46.61.522(1)(b) and one count of felony hit and run in violation of RCW 46.52.020(1),(4)(b). The jury found Jones guilty as charged and also found by special verdict the aggravating circumstance that Lane's injuries constituted "substantial bodily harm."

The State's presentence statement included a sentencing score sheet that designated Jones's offender score for vehicular assault as a 3 with a standard range of 13-17 months of incarceration, and for felony hit and run, as a 4 with a standard range of 15-20 months incarceration. In calculating Jones's offender score for felony hit and run, the State incorporated her conviction for vehicular assault among "other current offenses."[3] Jones's presentence report stated the same standard range sentences as did the State's report, 13-17 months for vehicular assault and 15-20 months for hit and run. At sentencing, the State asked whether Jones "accepted [the State's] scoring analysis," to which she responded "yes," that she agreed. Based on the standard range sentences for an offender score of 3 for vehicular assault and 4 for felony hit and run, the court sentenced Jones to a total of 28 months of incarceration. Jones timely appeals.

ANALYSIS

Jones raises two issues on appeal. First, she contends that the sentencing court miscalculated her offender score because her actions constituted the same criminal conduct and, thus, she is entitled to resentencing. Second, she argues that her counsel was ineffective for not apprising the court of its authority to

---

[3] A conviction entered on the same day as the conviction that the offender score is being calculated for must be counted as an "other current offenses." RCW 9.94A.525.

impose a lesser sentence by failing to argue that her actions constituted the same criminal conduct.

I.    Same Criminal Conduct

Jones claims her offender score was miscalculated because "under the unique facts of this case," her convictions are the "same criminal conduct." The State argues that Jones has waived this claim. We agree with the State.

While a sentence that is "within the standard sentence range for the offense and shall not be appealed," RCW 9.94A.585(1), an " 'illegal or erroneous sentence[] may be challenged for the first time on appeal.' " State v. Ross, 152 Wn.2d 220, 229, 95 P.3d 1225 (2004) (quoting State v. Ford, 137 Wn.2d 472, 477, 973 P.2d 452 (1999)). This exception includes challenges to the calculation of an offender score. State v. Lewis, 29 Wn. App. 2d 565, 580, 541 P.3d 1051 (2024).

At sentencing, when a person is "sentenced for two or more current offenses," the court counts "all other current and prior convictions as if they were prior convictions" to calculate the offender score. RCW 9.94A.589(1)(a). But when "some or all of the current offenses encompass the same criminal conduct then those current offenses shall be counted as one crime," and the court must enter a finding as such. RCW 9.94A.589(1)(a). The term "same criminal conduct" means "two or more crimes that require the same criminal intent, are committed at the same time and place, and involve the same victim." RCW 9.94A.589(1)(a).

While the prosecution bears the burden of proving a defendant's criminal history, Lewis, 29 Wn. App. 2d at 580, a defendant has the burden of proving that

their current or past crimes constitute the same criminal conduct. State v. Graciano, 176 Wn.2d 531, 540, 295 P.3d 219 (2013). We review a sentencing court's decision about whether a defendant's actions were the "same criminal conduct" for offender score calculations for an abuse of discretion. Id. at 537.

"[I]n general a defendant cannot waive a challenge to a miscalculated offender score." In re Pers. Restraint of Goodwin, 146 Wn.2d 861, 874, 50 P.3d 618 (2002). However, "waiver can be found where the alleged error involves an agreement to facts, later disputed, or where the alleged error involves a matter of trial court discretion." Id. "Application of the same criminal conduct statute involves both factual determinations and the exercise of discretion." State v. Nitsch, 100 Wn. App. 512, 523, 997 P.2d 1000 (2000). Trial courts can rely on information that a defendant affirmatively acknowledges to calculate their offender score. See In re Pers. Restraint of Connick, 144 Wn.2d 442, 464, 28 P.3d 729 (2001).

The State contends that Jones has waived this claim, citing In re Pers. Restraint of Shale, 160 Wn.2d 489, 495-96, 158 P.3d 588 (2007), in which the Supreme Court held that a defendant waives challenges to their offender score when they fail to raise a factual dispute or request the court exercise discretion. Here, Jones did not object to the calculation of her offender score and failed to raise a factual dispute about whether her convictions are the same criminal conduct, which amounts to waiver.

Jones raises the same claim as the defendant did in Nitsch. There, for the first time on appeal, the defendant challenged his offender score, alleging the

5

court failed to determine whether the burglary and assault for which he was convicted constituted the same criminal conduct. 100 Wn. App. at 514. We held that the defendant had waived review by agreeing to the calculation of the standard range. Id. Specifically, we reasoned that the defendant had "implicit[ly] assert[ed] that his crimes did not constitute the same criminal conduct" because the defendant filed a presentence report that "affirmatively alleged" a standard range that could be calculated only by using the offender score he was challenging on appeal. Id. at 521-22.

Here, similarly, Jones agreed that she "accepted [the State's] scoring analysis." In her presentence report, Jones listed the same standard range sentences as did the State's presentence report, 13-17 months for vehicular assault and 15-20 months for felony hit and run.[4] The State's recommended standard range was based on an offender score of 3 for vehicular assault and 4 for felony hit and run. As in Nitsch, Jones's own recommended standard range sentence could be calculated only by using the same offender scores as the State that she is now challenging on appeal. Therefore, because Jones affirmatively agreed to the calculation of her offender scores, she waived any challenge about whether her crimes constitute the same criminal conduct.

II.     Ineffective Assistance of Counsel

Jones claims she was deprived of her right to effective assistance of counsel because at sentencing, her trial counsel did not argue that her convictions were the "same criminal conduct," for purposes of calculating her

---

[4] Specifically, Jones sought 13 months for vehicular assault, 15 months for felony hit & run;18 months community custody.

6

offender score. And, she contends, as such, the trial court was unaware that it had discretion to impose a lesser sentence.

A criminal defendant has a constitutional right to effective counsel. U.S. CONST. amend. VI; WASH. CONST. art. I, § 22. This right is guaranteed at all critical stages of a criminal trial, including at sentencing. State v. Ramos, 171 Wn.2d 46, 48, 246 P.3d 811 (2011). Counsel is ineffective when (1) their conduct falls below the objective standard of care and (2) their deficient conduct prejudiced the outcome. Strickland v. Washington, 466 U.S. 668, 687,104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). A defendant must satisfy both prongs of the Strickland test to prevail. State v. Jeffries, 105 Wn.2d 398, 418, 717 P.2d 722 (1986).

"Courts engage in a strong presumption counsel's representation was effective." State v. McFarland, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995). A reviewing court is not required to consider both deficiency and prejudice if a petitioner fails to prove one prong. In re Pers. Restraint of Crace, 174 Wn.2d 835, 847, 280 P.3d 1102 (2012).

The Strickland test focuses on whether the proceedings were fundamentally fair. State v. Bertrand, 3 Wn.3d 116, 123-24, 546 P.3d 1020 (2024). We review a claim of ineffective assistance of counsel de novo. State v. Backemeyer, 5 Wn. App. 2d 841, 848, 428 P.3d 366 (2018).

To show deficiency, a defendant must show their counsel's representation fell below an objective standard of reasonableness given the circumstances. Strickland, 466 U.S. at 688. In support of her argument, Jones cites to State v.

McGill, 112 Wn. App. 95, 47 P.3d 173 (2002), in which we held that the defendant's attorney was deficient for failing to present and argue case law that supported an exceptional sentence downward. Id. at 101-02. The defendant's attorney had access to available case law that would have informed the trial court of its authority and discretion, but absent such argument, the trial court was unaware of its decision-making and discretionary authority. Id.

Here, Jones identifies State v. Day, 96 Wn.2d 646, 648-50, 638 P.2d 546 (1981), as the authority her counsel should have presented, claiming it provides a basis for the court to find her offenses constituted the same criminal conduct under the "unique facts" of her case. In Day, the defendant was convicted of driving while intoxicated on his parents' private property and challenged whether the relevant statute, former RCW 46.61.506, which barred driving while intoxicated "within the state," applied to him. 96 Wn.2d at 647. There the court held that the statute did not apply to the defendant because its purpose was to protect the public and based on the "unique facts"—defendant was on private property—he did not pose a threat to the public. Id. at 648-50. Thus, Jones contends had her counsel presented Day to the court, it would have had a basis to conclude that her actions constitute the "same criminal conduct" given the "unique facts" of her convictions—that her conduct constituting vehicular assault was the same conduct that violated the hit and run statute.

We agree with the State that Jones's counsel was not deficient in failing to argue that her crimes were the same criminal conduct where neither the law nor the facts of this case support this conclusion. As previously discussed, a

8

defendant's convictions constitute the same criminal conduct when they share the same criminal intent, are committed at the same time and place, and impact the same victim. RCW 9.94A.589(1)(a). Criminal intent is defined as "act[ing] with the objective or purpose to accomplish a result." RCW 9A.08.010. The felony hit and run statute, RCW 46.52.020, requires as follows:

> (1) A driver of any vehicle involved in an accident resulting in the injury to or death of any person . . . shall immediately stop such vehicle at the scene of such accident or as close thereto as possible but shall then forthwith return to, and in every event remain at, the scene of such accident until he or she has fulfilled the requirements of subsection (3) of this section. . . .

> (3) [T]he driver of any vehicle involved in an accident resulting in injury to or death of any person . . . shall give his or her name, address, insurance company, insurance policy number, and vehicle license number and shall exhibit his or her vehicle driver's license to any person struck or injured or the driver . . . and shall render to any person injured in such accident reasonable assistance. . . .

By contrast, the vehicular assault statute, RCW 46.61.522(1)(b), provides that a person is guilty when they operate a vehicle while under the influence of drugs or alcohol and cause substantial bodily harm to another. A court measures whether two crimes have the same objective intent by "determining whether one crime furthered another." State v. Flake, 76 Wn. App. 174, 180, 883 P.2d 341 (1994).

Based on Day, 96 Wn.2d 646, Jones argues her case presents "unique facts" because she never intended to avoid liability and in fact returned to the scene within three minutes, in compliance with the hit and run statute. But in Flake, faced with the same issue as here—whether vehicular assault and felony hit and run constitute the same criminal conduct—we concluded that the "objective purposes for the two crimes were different." 76 Wn. App. at 180. We

9

explained that by committing a hit and run a defendant "objectively intend[s] to avoid responsibility for the collision by leaving the scene," which does not relate to nor further the crime of vehicular assault.[5] Id. at 180-81. Thus, it is irrelevant whether Jones had a different subjective intent regarding the hit and run charge, because the "objective purposes of [her] two crimes" were different, Flake, 76 Wn. App. at 180. Jones's argument based on Day in unavailing. Therefore, we conclude that her counsel was not deficient in failing to argue that Day gave the court authority to conclude that under the unique facts of her case, her crimes were the same criminal conduct for the purposes of imposing a lesser sentence.

Moreover, Jones's claim also fails because she cannot establish the second Strickland prong, prejudice. A criminal defendant can show prejudice when there is a "reasonable probability" that the outcome would have been different barring counsel's deficient performance. Bertrand, 3 Wn.3d 124. This requires more than a ' "conceivable effect on the outcome. " ' State v. Estes, 188 Wn.2d 450, 458, 395 P.3d 1045 (2017) (quoting State v. Crawford, 159 Wn.2d 86, 99, 147 P.3d 1288 (2006) (quoting Strickland, 466 U.S. 693)).

Here, she points to the sentencing court's comment, "I am going to grant an exceptional sentence, but I am not going to grant as much time as the State wants," as suggesting it intended to be lenient on her.[6] But even if the trial court

---

[5] A defendant convicted of vehicular assault must have proximately caused the vehicular assault which requires the prosecution prove "ordinary negligence and intoxication while driving." State v. Lovelace, 77 Wn. App. 916, 919, 895 P.2d 10 (1995).

[6] In support, Jones attempts to distinguish the court's commentary in an unpublished case, State v. Harness, No. 35481-4-III, slip op. at 4-5 (Wash Ct. App. Dec. 4, 2018) (unpublished) https://www.courts.wa.gov/opinions/pdf/354814_unp.pdf (trial court made comments about imposing a high-end sentence, which did not suggest the trial court would have favorably exercised discretion in the defendant's favor). Under GR 14.1(c), we may cite to unpublished decisions as necessary for a reasoned opinion, as is the case here.

intended to be lenient on her, Jones cannot show with a reasonable probability that, under the applicable legal authority, the court would have concluded that her crimes constitute the same criminal conduct. Jones concedes that "it is not possible to say whether the trial court would have imposed the same sentence." Therefore, Jones cannot show that her sentence would have been different had her counsel presented Day and argued that her crimes constituted the same criminal conduct. Her claim of constitutionally ineffective assistance fails.

Affirmed.

Chung, J.

WE CONCUR:

Birk, J.                    Mann, J.